## ATKINSON & CHANEY *v.* TABOR & SMITH.

(*Supreme Court of Colorado, Feb. 8th, 1884—On motion to dismiss appeal.*)

I.  APPEAL—CANCELLATION OF DEED RELATES TO A FREEHOLD  When the litigation seeks the cancellation of a deed conveying real estate, or an interest therein, it relates to a freehold, and appeal will lie from the judgment.

2. SAME—SUBSEQUENT FACTS NOT OF RECORD AFFECTING RIGHT TO, MUST BE RAISED BY PLEA IN BAR AND NOT BY MOTION. Matters may occur subsequent to judgment, as the act of appellant in availing himself of the benefit thereof, which operate to waive the right of the party to have the same reviewed on appeal or writ of error. When such matters appear of record the objection may be properly raised by motion to dismiss; but when they do not so appear the objection must be raised by a plea in bar, which may be filed in the Supreme Court.

*Per curiam.* The appellees move to dismiss the appeal, and assign two principal grounds for the motion, one being that the appellants, since taking the appeal, have availed themselves of a large portion of the money deposited as the purchase money of the mines involved in the litigation, and have thus waived their right to have the judgment appealed from reviewed on appeal. The other ground of the motion is, that the judgment appealed from does not relate to a franchise or a freehold, and is not a judgment for money, for which reasons no appeal lies.

The latter ground is not sustained but directly contradicted by the record. The subject matter of the cross-bill relates to a freehold. It institutes a contest directly involving the title to several mines, alleging that the deed executed and deposited in escrow by the appellants, was surreptitiously obtained by the appellees, that the conditions of the sale were not complied with, and that for these reasons the title did not pass.

The cross-bill prays for affirmative relief, and that the deed be ordered to be delivered up to be cancelled, and that appellants be decreed to be the owners of the real estate free and clear of all claims of the plaintiffs. The referee found against the appellants on the issues presented by the cross-bill, and that they were not entitled to the relief prayed for. Consequently the effect of the decree was to deny appellants' claim of title to the real estate, and to recognize their right to the purchase money deposited under the contract. Nevertheless the judgment still relates to a freehold and is reviewable upon appeal.

Upon the other ground assigned in support of the motion, that since taking their appeal the appellants have availed

themselves of the benefit of the judgment and the contract, by accepting and receiving a large portion of the purchase money so deposited, thereby waiving their right to have appellees' title decreed null and void as having been surreptitiously obtained, we observe that this point cannot properly be raised by motion.

Matters may occur subsequent to judgment which operate to waive the right of a party to have the judgment reviewed on appeal, or upon writ of error. When such matters appear of record, the objection is properly raised by a motion to dismiss, but when they do not appear the objection must be raised by a plea in bar of the proceedings in error. Powell on Appellate Proceedings, p. 121, Sec. 12, *a*, and authorities cited.

We entertain no doubt of the general proposition, that it is inconsistent with the principles of justice, and the rules of law, to permit a party who has voluntarily taken advantage of a judgment rendered at *nisi prius*, to afterwards prosecute proceedings to reverse it.

Neither have we any doubt of the jurisdiction of this Court, when such conduct of a litigant before it is properly alleged, and the matter does not appear of record, to institute the necessary inquiry whether matters alleged to constitute the waiver have in fact occurred. To sustain the appellants' objection and hold that we are without power to institute such inquiry, is equivalent to saying that the Supreme Court of this State is without power to determine a question pertaining to its own jurisdiction.

The motion to dismiss the appeal will be denied, without prejudice to the right of the appellees to set up the same matters of waiver, by a plea in bar to the proceedings on appeal.

*Markham, Patterson & Thomas* and *Belford & Reed,* for appellants.

*L. C. Rockwell,* for appellees.